UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| THOMAS ALSTON, | : | | |
| Plaintiff, | : | Civil Action No.: | 12-2030 (RC) |
| v. | : | Re Document Nos.: | 3, 6 |
| FLAGSTAR BANK, F.S.B., | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE; DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS**

**I. INTRODUCTION**

The plaintiff is an individual who entered into a Deed of Trust regarding residential real estate with the defendant, Flagstar Bank. The plaintiff satisfied the debt, and claims that the defendant is in breach of contract because it failed to subsequently surrender the original note. Further, the plaintiff claims that because the defendant sent the plaintiff the original note by regular mail, as opposed to a more reasonable means, and it went missing thereafter, the defendant engaged in negligence. The defendant has filed a motion to dismiss, and the plaintiff has filed a motion for sanctions. Because the plaintiff has not advanced a claim that is ripe for adjudication now, his claims are dismissed without prejudice, with the Court noting that if the harm materializes in the future, he may bring suit again within the applicable statute of limitations period. Further, because the defendant has not engaged in any bad faith in filing its meritorious motion to dismiss, the plaintiff's motion for sanctions is denied.

## II.  FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND[1]

On August 29, 2003, the plaintiff entered into a Deed of Trust [2] ("mortgage contract") with the defendant regarding residential real estate located in the District of Columbia.  Compl. ¶ 4.  On May 27, 2004, the plaintiff obtained a loan from BNC mortgage, and satisfied the mortgage debt with the defendant.  *Id.* ¶ 6.  The defendant did not timely surrender the note after the plaintiff satisfied the debt.  *Id.* ¶ 7.  Over the years, the plaintiff made several unsuccessful requests for the defendant to surrender the note.  *Id.* ¶ 8.  In Janury of 2010, the plaintiff sent the defendant further correspondence, requesting that the note be returned.  *Id.* ¶ 9.  On February 11, 2010, the defendant sent the plaintiff correspondence via certified mail, which stated that the defendant had forwarded him the original note via regular U.S. mail, and that it was enclosing a certified true copy of the note.  *Id.* ¶ 10.  The plaintiff alleges that to date, he has never received the original note.  *Id.*

The plaintiff has filed this action, alleging that the defendant breached the contract by failing to surrender the original note to the plaintiff.  The plaintiff further claims that the defendant engaged in negligence by sending the original note via regular mail, instead of by a more reasonable means.  In response, the defendant has filed a motion to dismiss.  The plaintiff has filed a motion for sanctions, contending that the defendant has engaged in bad faith in filing its motion to dismiss.  The court now turns to the parties' arguments and the applicable legal standards.

---

[1] When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true the plaintiff's version of events. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[2] Although the Deed of Trust and promissory note fall outside of the pleadings, the Court can nonetheless consider them here because they are incorporated by reference in the complaint. *See MCI Commc'ns, Inc. v. FDIC*, 808 F. Supp. 2d 24, 28 (D.D.C. 2011).

## III.  ANALYSIS

### A.  The Defendant's Motion to Dismiss

#### 1.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but rather, whether a plaintiff has properly stated a claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The complaint is only required to set forth a short and plain statement of the claim, in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court considering this type of motion presumes the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002), or to plead law or match facts to every element of a legal theory, *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal citations omitted). Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## 2. The Court Dismisses the Plaintiff's Claims Without Prejudice

The defendant asserts that the plaintiff has not sufficiently pleaded a breach of contract claim because the mortgage contract did not obligate the defendant to surrender the original note to the plaintiff, as opposed to a copy, which the plaintiff does possess. Def.'s Mot. at 5. The defendant further contends that the plaintiff has suffered no harm and that his damages are speculative because he has pleaded no facts indicating that anybody has ever demanded payment under the note. *Id.* at 6. In the alternative, the defendant argues, the plaintiff's claims should be dismissed because they are not ripe for adjudication, as there is no injury that is certain and impending. *Id.* at 9.

Further, the defendant states that even if a third party attempts to collect payment under the note, the plaintiff has a full defense to payment because a Discharge of Mortgage/Satisfaction was executed and recorded in the Land Records of the District of Columbia. *Id.* In addition, the defendant argues that the plaintiff has not sufficiently stated a negligence claim because the defendant had no duty to return the original note to the plaintiff, as opposed to a copy. *Id.* at 7.

In response, the plaintiff argues that the Deed of Trust explicitly states that the original note must be returned to the plaintiff upon satisfaction of the debt, and that the plaintiff therefore has a cognizable breach of contract claim. Pl.'s Opp'n at 5. The plaintiff also contends that because a third party may possess the missing original note and would therefore have the right to enforce it against the plaintiff, the plaintiff is presently liable to the holder of the note. *Id.* at 6-7. The plaintiff argues that

his claim is therefore ripe and his damages tangible. *Id.* Further, the plaintiff avers that he has sufficiently made out a negligence claim, citing how the defendant thought to send a copy of the note by certified mail, but did not extend that same care to sending the original note, which was sent only by regular mail. *Id.* at 9.

To establish that he has standing to bring suit, a plaintiff "must satisfy three elements: (1) [the plaintiff] must have suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *NB ex rel. Peacock v. District of Columbia*, 682 F.3d 77, 81 (D.C. Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted). Moreover, "[r]ipeness is a justiciability doctrine that is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 424 (D.C. Cir. 2007) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807–08 (2003) (internal quotation marks and brackets omitted). "[R]ipeness is peculiarly a question of timing." *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1985). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-581 (1985) (internal quotation marks and citation omitted).

If a person finds the "lost" note, or indeed, if Flagstar transferred the note before the plaintiff made payment, the "holder" could attempt to enforce it for the entire amount against the plaintiff. Regardless of the potential success of such a suit, such action would impose a cost upon the plaintiff to have to defend himself. But while there is a possibility of such harm, the plaintiff has not alleged

enough facts to show that the injury is "certainly impending" or "imminent," which is required to establish standing. *State Na. Bank of Big Spring v. Lew*, 2013 WL 3945027, at *7 (D.D.C. Aug. 1, 2013). Further, because the plaintiff contends that the "harmful events may occur," he alleges a harm and damages that are "not the result of any present injury, but rather the result of the anticipation of future injury that has not materialized." *Randolph v. ING Life Ins. and Annuity Co.*, 973 A.2d 702, 708 (D.C. 2009). His claims are therefore not ripe for adjudication, as they fail to create a cause of action at this time. *Id.* ("Speculative harm, or the threat of future harm . . . *not yet realized* does not suffice to create a cause of action . . .") (internal quotation marks and citation omitted).

Based on the foregoing factors, the plaintiff's claims are dismissed without prejudice at this time. The Court notes, however, that if a third party attempts to enforce the note against the plaintiff, he may file suit again within the requisite statute of limitations, which, under District of Columbia law, begins to run when the plaintiff knows or by exercise of reasonable diligence should know of the injury, its cause in fact, and some evidence of wrongdoing. *See Medhin v. Hailu*, 26 A.3d 307, 310 (D.C. 2011).

### B. The Plaintiff's Motion for Sanctions

The plaintiff has filed a motion for sanctions pursuant to 28 U.S.C. § 1927 ("Section 1927"), contending that the defendant's motion to dismiss has been filed in bad faith. The plaintiff argues that the defendant's motion misrepresents the plaintiff's allegations in the complaint "in order to conjure a false premise for attacking" such complaint. Pl.'s Mot. at 3. More specifically, the plaintiff states that instead of accepting the allegations in the complaint as true, the defendant's motion contests them, which it is not allowed to do. *Id.*

Section 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously

6

may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of Section 1927 is to "allow the court to assess attorneys' fees against an attorney who frustrates the progress of judicial proceedings." *United States v. Wallace*, 964 F.2d 1214, 1217 (D.C. Cir. 1992). Here, the plaintiff has provided no indication that the defendant has multiplied the proceedings unreasonably or vexatiously; rather, the defendant has filed a meritorious motion to dismiss, so meritorious indeed, that the Court has granted it. *See Huthnance v. District of Columbia*, 793 F. Supp. 2d 177, 181 (D.D.C. 2011) ("the assessment of attorneys' fees and costs under Section 1927 would remain a power which the courts should exercise only in instances of a serious and studied disregard for the orderly process of justice") (internal quotation marks and citation omitted). The plaintiff's motion for sanctions is therefore denied.

### IV. CONCLUSION

For the foregoing reasons, the Court grants the defendant's motion to dismiss without prejudice, and denies the plaintiff's motion for sanctions. An order consistent with this Memorandum Opinion is issued this 18th day of September, 2013.

RUDOLPH CONTRERAS
United States District Judge